Bernard **FIELDS**, Plaintiff–Appellant,

v.

**CITY OF ROSEVILLE; County of Macomb, Defendants– Appellees.**

**No. 01–1439.**

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

*ORDER*

Bernard Fields, a Michigan state prisoner, appeals pro se a district court order dismissing his complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fields filed this action against the City of Roseville and County of Macomb, Michigan, alleging that the police of those communities had procured his 1992 conviction by planting evidence on him, falsifying his statement, and subjecting him to a suggestive identification. The district court dis-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

missed the complaint as frivolous, concluding that no cause of action under 42 U.S.C. § 1983 had accrued because the complaint implied the invalidity of the underlying conviction, which had not been overturned. Fields moved for reconsideration, arguing that the district court had erred in assuming that the complaint was filed pursuant to 42 U.S.C. § 1983, when it actually was brought under the RICO Act, specifically 18 U.S.C. § 1964. The district court denied the motion for reconsideration, finding that nothing alleged in the complaint would constitute a RICO violation.

On appeal, Fields reasserts the argument raised in his motion for reconsideration below. Defendants, who were not served below, have not filed a brief.

Upon consideration, we conclude that this complaint was properly dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B), as it lacks any arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Initially, Fields apparently concedes that an action under 42 U.S.C. § 1983 would be barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because his complaint implies the invalidity of his conviction, which has not been overturned.

We also conclude that the district court correctly found that the complaint failed to allege a RICO violation. No allegation is made in the complaint which would imply that the defendants are an enterprise engaged in interstate commerce, or that would show a pattern of racketeering activity that injured Fields in his business or property. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Frank v. D'Ambrosi,* 4 F.3d 1378, 1385 (6th Cir.1993).

Moreover, even if Fields had properly alleged a RICO violation, the complaint would be barred by the four-year statute of limitations applicable to such actions. *See Agency Holding Corp. v.. Malley–Duff & Assocs.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

For all of the above reasons, the dismissal of this complaint as frivolous is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.